IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHANNA SHIGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-1433 |
| | ) |
| MOUNT PLEASANT BOROUGH, et al., | ) Hon. Thomas M. Hardiman |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil rights action was brought by a citizen against her municipality of residence, its council, a council member, and its solicitor. Plaintiff Johanna Shigle (Shigle) claims that Mt. Pleasant Borough (Borough), Mount Pleasant Borough Council (Council), Council Member Michael Tabita (Tabita) and attorney Milton Munk (Munk) violated her rights under 42 U.S.C. §1983. Plaintiff also brought a state law claim for battery against Munk.

The subject of this Memorandum Opinion is a motion for summary judgment filed by Borough Solicitor Milton Munk, who claims that he cannot be liable under section 1983 because he is not a state actor. Munk also requests that the Court not exercise supplemental jurisdiction over Shigle's state law battery claim. For the reasons that follow, the Court will grant Munk's motion as to the section 1983 claim because he is not a state actor but deny his motion as to the battery claim.

## I. Facts

The following facts are derived from the evidence of record and are taken in the light most favorable to the nonmovant. *Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 209 (3d Cir. 2002).[1]

Shigle's claims arise out of confrontations between herself and Defendants during or after Mt. Pleasant Borough Council meetings. Shigle claims that she spoke unfavorably towards the Council and its members on several occasions and that Defendants restricted her ability to address the Council while those who spoke favorably of the Council were permitted to speak freely.

Defendant Munk is a private attorney hired by the Borough of Mt. Pleasant to serve as its solicitor. Munk was never elected as an official of Mt. Pleasant Borough and has never served as a member of the Council. Plaintiff's Amended Complaint alleges that Munk was a "de facto leader" of the Council meetings and responsible for determining when a citizen spoke out of order at the meetings. The Amended Complaint also alleges that Munk restricted the Plaintiff's speech during a meeting by telling her to "sit down and shut up" and constantly ruling her out of order. This allegation, however, is directly contradicted by Shigle's deposition, in which she admitted that Munk never told her to "sit down and shut up" and never ruled her out of order while a meeting was in session.

The Amended Complaint also contains a section 1983 claim and a state law battery claim arising from a confrontation with Munk which occurred shortly after the last Council meeting

---

[1] By Order dated July 12, 2005 (Doc. No. 57), Plaintiff was required to submit a Statement of Undisputed Material Facts no later than July 22, 2005, but failed to do so. Apparently misunderstanding the Order, Plaintiff filed a "Response to Defendant Munk's Reply Brief" (Doc. No. 58) on July 27, 2005.

Shigle attended, which was in March 2002.  Approximately five minutes after the conclusion of this meeting, Munk approached Shigle on the council floor, poked her in the chest three times, told her that she was "out of order" and that she should "shut up."

## II. Discussion

Summary judgment is required on an issue or a claim when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986); *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).  An issue is "material" only if the factual dispute "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

"Summary judgment procedure is properly regarded not as a disfavorable procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted).  The parties have a duty to present evidence; neither statements of counsel in briefs nor speculative or conclusory allegations satisfy this duty. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999).  After the moving party has filed a properly supported motion, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  The non-moving party must establish the existence of each element essential to her case on which she will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322-23.

3

A. *Private Attorneys and Municipal Solicitors as State Actors.*

To state a claim under 42 U.S.C. §1983 a plaintiff must allege that "some person has deprived him of a federal right" and that "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The plaintiff bears the burden of proving that the defendant is a state actor under section 1983. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d. Cir. 1995) citing *West v. Atkins*, 487 U.S. 42, 48 (1988).

Private parties and private attorneys are not automatically insulated from liability under section 1983. The Supreme Court addressed the question of whether and when a private party who invokes a state procedure acts under color of law for purposes of section 1983 in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). In *Lugar*, the Court established a two prong test to determine when the actions of a private party implicate liability under section 1983:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a [1] state official, because he has [2] acted together with or has obtained significant aid from state officials, or because his [3] conduct is otherwise chargeable to the State.

*Lugar*, 457 U.S. at 937. The Court in *Lugar* identified several possible tests to determine whether a private party is a state actor. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978) (joint action test); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974) (nexus test); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (state compulsion test); *Marsh v. Alabama*, 326 U.S. 501 (1946) (public function test). The Court then adopted a case-by-case analysis, which requires a careful examination of the facts and circumstances of each case in search of State involvement in conjunction with the actions of the private party. *Lugar*, 457 U.S. at 939.

4

The Court of Appeals for the Third Circuit applied the *Lugar* test in the seminal case of

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994). In *Jordan*, the

Court found that a landlord and his attorneys were state actors when they acted in conjunction

with a state official (the local sheriff) to execute on a confessed judgment. *Id. at 1255-56.* The

Third Circuit stated that for a private party to qualify as a state actor under section 1983, "the

state must significantly contribute to the constitutional deprivation, e.g., authorizing its own

officers to invoke the force of law in aid of the private persons' request." *Id.* at 1266.

Applying the tests from *Lugar* and *Jordan* to a similar case, the Third Circuit held that "a

[private] attorney does not become a state actor simply by employing the state's subpoena laws."

*Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 278 (3d Cir. 1999). In *Angelico*, the Court

of Appeals was careful to point out the difference between the potential use of coercive state

power by private parties and the actual use of that power, stating that a "private party is not

converted into a state actor as long as the assistance of state officials remains merely a potential

threat." *Id.*

When the cooperation or assistance of state officials becomes a reality, however, the

private party becomes a state actor under the *Lugar* test. On the specific issue of municipal

solicitors as state actors, district courts have focused on overt cooperation or assistance by state

officials. *See, e.g., O'Hanlon v. City of Chester*, 2002 U.S. Dist. LEXIS 4038 (E.D. Pa. 2002)

(summary judgment proper when plaintiff failed to show that city solicitor acted with or

obtained aid from state officials); *Development Group, LLC v. Franklin Township Bd. of

Supervisors*, 2004 U.S. Dist. LEXIS 24681 (E.D. Pa. 2004) (summary judgment improper when

issue of material fact existed whether solicitor acted in conjunction with state actors); *Cordova v.

Vaughn Mun. Sch. Dist. Bd. of Educ.*, 3 F. Supp.2d 1216 (D. N.M. 1998) (solicitor was state

5

actor when he "shared his clients' unconstitutional goals" and acted in conjunction with state officials).

The foregoing cases show that municipal solicitors are not state actors merely by virtue of their positions. "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico*, 184 F.3d at 277 citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Thus, for Munk to be a state actor under section 1983, he must have acted in conjunction with state officials or taken an action "otherwise attributable to the state." *Lugar*, 457 U.S. at 937. Additionally, the state must have made a significant contribution to Munk's unconstitutional action. *Jordan*, 20 F.3d at 1266. Accordingly, Munk cannot be liable simply for performing the traditional role of legal counsel, *i.e.* by providing legal advice to Council members during meetings.

### B. Munk as a State Actor During Council Meetings

Plaintiff's Amended Complaint contains sufficient allegations to state a section 1983 claim against Munk for his actions during the council meetings. Nevertheless, those allegations have not been substantiated by the record developed at the summary judgment stage. In fact, Plaintiff's statements in her own deposition directly contradict important allegations in the Amended Complaint.

For example, Shigle conceded that Munk's primary responsibility during the Council meetings was to "give advice as a lawyer" to the Council Members. In addition, Munk did not directly make decisions on who could speak or the length of a citizen's speech at the Council meetings. Although Munk was responsible for determining when a citizen was out of order, Shigle conceded that Munk never ruled her out of order. Shigle's deposition further reveals that

6

Munk neither presided over the Council meetings nor told Shigle to "shut up" or to "sit down and shut up" while the Council was in session.

In light of the foregoing, Plaintiff has failed to adduce any evidence that Munk deprived her of a federal right under color of law during a Council meeting. Although other Defendants may have violated Plaintiff's federal rights, the record indicates that Munk's actions in the meetings did not exceed the traditional attorney-client relationship.

### C. Munk as a State Actor in the Post-Meeting Confrontation

The crux of Shigle's case against Munk stems from their confrontation shortly after the conclusion of a Council meeting in March 2002. Viewing the facts of this incident in the light most favorable to the Plaintiff, Munk cannot be deemed a state actor under section 1983. Plaintiff does not provide any evidence or even claim that Munk acted in conjunction with any state officials in the post-meeting encounter. Plaintiff also fails to show any abuse or misuse of power granted to Munk by the State. The State neither participated in Munk's confrontation with Shigle nor granted him any authority in the confrontation. Plaintiff claims merely that Munk sought "to impose his will and dominion, as the solicitor, upon [her]." To hold that Munk was a state actor in this situation would hold him liable under section 1983 simply by virtue of his status as solicitor to the Borough. Indeed, Shigle argues that Munk's status renders him a state actor pursuant to 53 P.S. §46116, which states:

> The legal matters of the borough shall be under the control of the borough solicitor, and no department or officer of the borough, except as herein otherwise provided, shall employ an additional counsel without the assent or ratification of the council. In the absence of the solicitor, the law firm of which he is a member or associate may perform any of the functions of the solicitor.

7

Contrary to Plaintiff's argument, §46116 merely authorizes a borough to hire a solicitor to handle its legal matters. Section 46116 does not explicitly confer any governmental power upon borough solicitors. Therefore, the statute is plainly insufficient to render Munk a state actor.

In sum, Plaintiff has failed to proffer sufficient evidence to establish that Munk was a state actor under 42 U.S.C. §1983. Plaintiff's evidence satisfies neither the *Lugar* test nor the *Jordan* standard, which requires that the state "significantly contribute" to Munk's action. *Jordan*, 20 F.3d at 1266. As in *Angelico*, there is a difference between the potential use of coercive state power and the actual use of that power. The record is devoid of evidence that Munk used state power against Shigle. Instead, the confrontation between Shigle and Munk was a dispute between two citizens after a public meeting had concluded. Accordingly, there is no genuine issue of material fact as to whether Munk was a state actor during the post-meeting confrontation.

## D.    *Plaintiff's Battery Claim*

The Court will continue to exercise supplemental jurisdiction over Plaintiff's battery claim against Munk because the operative facts regarding that claim are sufficiently related to those of Plaintiff's remaining claims. In light of the related operative facts, the Court finds that it would be an inefficient use of judicial resources to have separate courts adjudicate Plaintiff's claims. Accordingly, the Court finds in its discretion that the exercise of supplemental jurisdiction is appropriate in this case. *See, e.g., New Rock Asset Partners, L.P. v. Preferred Entity Advancements*, 101 F.3d 1492, 1505 (3d Cir. 1996) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966).

## III. Conclusion

For the foregoing reasons, while Defendant Milton Munk is entitled to summary judgment on Plaintiff Johanna Shigle's claim under 42 U.S.C. §1983, his motion will be denied as to her state law battery claim.

An appropriate order follows.

_Thos M. Hardiman_

Thomas M. Hardiman
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHANNA SHIGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-1433 |
| | ) | |
| MOUNT PLEASANT BOROUGH, et al., | ) | Hon. Thomas M. Hardiman |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 10th day of August, 2005, upon consideration of Defendants' Motion for

Summary Judgment (Doc. No. 45), the motion to dismiss Count IV of the Amended Complaint

is GRANTED as to Plaintiff's claim under 42 U.S.C. §1983 and DENIED as to the Plaintiff's

state law battery claim.


BY THE COURT:


Thos M. Hardiman

Thomas M. Hardiman
United States District Judge

cc: All counsel of record as listed below

John M. Giunta, Esq.
Mark R. Hamilton, Esq.
Rawle & Henderson
535 Smithfield Street - Suite 1000
Pittsburgh, PA   15222

David L. Haber, Esq.
Weinheimer Schadel & Haber
429 Fourth Avenue
602 Law & Finance Building
Pittsburgh, PA   15219

Edmond R. Joyal, Jr., Esq.
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219

Leonard E. Sweeney, Esq.
156 Perry Highway
Pittsburgh, PA   15229-1802