IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHANNA SHIGLE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 2:03cv1433 ) |
| MOUNT PLEASANT BOROUGH, et al., | ) Judge Thomas M. Hardiman ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

**I.   Introduction**

Plaintiff Johanna Shigle (Shigle) filed this case pursuant to 42 U.S.C. §1983, against the Mount Pleasant Borough (Borough), the Mount Pleasant Borough Council (Council), and Michael Tabita (Tabita). Shigle alleges that the Borough, the Council, and Tabita violated her rights under the First and Fourteenth Amendments to the Constitution. Defendants have filed a motion for summary judgment, which is the subject of this Memorandum Opinion.

**II.  Standard of Review**

Summary judgment is required on an issue or a claim when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986); *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). An

issue is "material" only if the factual dispute "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

"Summary judgment procedure is properly regarded not as a disfavorable procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted). The parties have a duty to present evidence; neither statements of counsel in briefs nor speculative or conclusory allegations satisfy this duty. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). After the moving party has filed a properly supported motion, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-moving party must make a showing sufficient to establish the existence of each element essential to his case on which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The facts derived from the evidence of record must be taken in the light most favorable to the nonmovant. *Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 209 (3d Cir. 2002).

II.  **Facts**

Plaintiff Shigle is a lifelong resident of Mount Pleasant Borough. She has an avid interest in the activities of the Borough and has attended many Council meetings to listen and comment on the affairs of the Borough, sometimes critically. The Council meetings are held on the first Monday of every month and are open to the public.

Although she previously attended Council meetings regularly, Shigle admits that she did not attend any Council meetings in either 2003 or 2004. She also admits that the only meetings

2

that she attended in the two years prior to filing her complaint were held on October 1, 2001 and March 4, 2002. In her deposition, Shigle was agnostic regarding what occurred at the October 1, 2001 meeting, nor has she since proferred any evidence regarding what transpired there. For their part, Defendants provided the minutes of the October 1 meeting, which indicate merely that Shigle made a statement about a local matter. The minutes do not evidence that Defendants precluded Shigle from speaking or otherwise vexed her in any way. Accordingly, there is no record evidence to suggest that Shigle was deprived of any rights at the October 1, 2001 meeting.

The second meeting Shigle attended was held on March 4, 2002. At that meeting, Shigle spoke during the public comment section at the beginning of the meeting and Tabita interrupted her because he believed that her comment related to old business. Tabita allowed Shigle to finish her statement, however, in spite of the interruption, as indicated in the transcript:

> Tabita: So, please, if you have any comments, please rise and state your name.
>
> Shigle: My name is Johanna Shigle, 341 Washington Street, and I am back. I have two questions and one remark. My questions are in regard to a motion made by Mr. Tabita some months ago concerning the hiring of Mr. Miele as a consultant landscaper for the borough. Why was this job created? What does he do? What are his qualifications as a landscaper? Why was this employment not advertised? Did you make this job available to Mr. Miele so that he could receive the borough medical hospitalization plan for him and his family?
>
> Tabita: Mrs. Shigle, I'll stop you right there. Comments are to current comments, topical issues, subjects to be brought before this council for motions at council meetings and not past history.
>
> Shigle: Well, you can - -
>
> Tabita: And that's old business.
>
> Shigle: - - rescind the motion. My second question is, in an anonymous donation to the borough for $2,000, is it legal that an anonymous

donation be paid back by definition of free money? Is a donation - - and by the definition of free money is that a donation, is the borough paying this back to annual payments of a thousand dollars to Mr. Miele?

Now, my remark is to this council body, is, it is a travesty of justice and an abuse of power when a council person makes false innuendos and accusations to try and deny citizens of their civil and constitutional rights and their freedom of speech. With these goings on, the people of Mt. Pleasant are in trouble. Thank you.

Tabita: Thank you for your comments. Would anyone else like to speak?

(Meeting continues).

Near the end of the March 4, 2002 meeting, Shigle rose to speak again, and the following exchange occurred:

Shigle: I have a question with our consultant landscape –

Tabita: Please be seated. We're not going to entertain that question again tonight.

Shigle: Has he come –

Tabita: Please be seated.

Shigle: Before this borough with regard to trimming (inaudible) before the spring?

Tabita: Be seated.

Shigle: That's the question I have.

First Unidentified Male Speaker: Motion to adjourn.

Second Unidentified Male Speaker: Second the Motion.

Tabita: Moved and seconded. Ready for the question.

(Meeting concludes).

Other than the two exchanges discussed above, there is no evidence of any interaction between Shigle and the Council or Tabita. During the March 4, 2002 meeting, Council passed a

rule limiting public comments to three minutes. Shigle acknowledged in her deposition that the rule was not in place prior to March 4, 2002 and admitted that she has never been subject to that three minute limitation.

Shigle gave deposition testimony twice during discovery, and there were several assertions made in her initial deposition that conflict with her later testimony. In her first deposition, Shigle stated that she was prohibited from speaking at several meetings, but could not remember the dates of the meetings in question. In her subsequent deposition, however, Shigle testified that she could not remember a meeting where she was refused the opportunity to speak and, in fact, spoke at every meeting she attended. During her fist deposition, Shigle stated several times that she was harassed at almost every meeting, and referenced interactions that she alleged happened at several different meetings. Nevertheless, in response to the Defendant's Statement of Undisputed Material Facts, Plaintiff admitted that she had attended only two meetings in the two years prior to this action, the October 1, 2001 and March 4, 2002 meetings referenced above.

Contrary to the transcript of the March 4, 2002 meeting, Shigle claimed in her second deposition that she was never asked to curtail old business. Shigle also insisted that she never attempted to speak at any time other than the public comment section at the beginning of meetings, and denied that she was ever asked by Defendant Tabita to "please be seated."

### III. Discussion

Shigle claims Defendants violated 42 U.S.C. §1983 by depriving her of her First Amendment right to free speech, her Fifth and Fourteenth Amendment rights to substantive and

procedural due process, and her Fourteenth Amendment right to equal protection. Defendants respond that no evidence has been produced to support any of Plaintiff's claims. In addition, Defendant Tabita raises a qualified immunity defense. Shigle's claims are addressed *seriatim*.

    A.    *Freedom of Speech*

In support of her First Amendment claim, Shigle alleges that the Borough and Council engaged in a pattern of behavior, tantamount to an implicit policy, designed to silence and intimidate her. She later admitted, however, that she has attended only two meetings in the last two years and has evidence of what transpired only at the March 4, 2002 meeting. Furthermore, it is clear from the factual record that Shigle was not silenced at the beginning of the March 4, 2002 meeting, but rather was allowed to finish her comment after a brief interruption. Thus, any First Amendment claim must rest on the dialogue that occurred at the close of that meeting. During this exchange, Shigle attempted to speak about the matter that she had previously raised, and was repeatedly asked by Defendant Tabita to be seated.

In *Eichenlaub v. Township of Indiana* 385 F.3d 274 (3d Cir. 2004), the Court of Appeals explained the factors to determine what level of government control amounts to a First Amendment violation in a public forum. The Court of Appeals recognized that, whether a meeting is classified as a general public forum or limited public forum, it is "reviewed under a sliding standard that allows for content-related regulation so long as the content is tied to the limitations that frame the scope of the designation, and so long as the regulation is neutral as to the viewpoint within the subject matter of that content." *Id.* at 281.

In *Eichenlaub*, much like the instant case, a citizen at a public meeting was speaking out of turn regarding non-germane issues. There the Court of Appeals noted that "plainly, public bodies may confine their meetings to specified subject matter. . . . Thus, matters presented at a citizen's forum may be limited to issues germane to the town government." *Id.* (internal citations omitted). Accordingly, "restricting such behavior is the sort of time, place, and manner regulation that passes muster under the most stringent scrutiny for a public forum." *Id.* The Court of Appeals emphasized further: "for the presiding officer of a public meeting to allow a speaker to try and hijack the proceedings, or to filibuster them, would impinge on the First Amendment rights of other would-be participants." *Id.*

Although Shigle neither hijacked nor filibustered the proceedings on March 4, 2002, it is clear that she was speaking out of turn. Moreover, she was not subjected to nearly as severe an intervention as the plaintiff in *Eichenlaub*, whose forcible removal was upheld by the Third Circuit under the circumstances.

In response to Defendants' reliance on *Eichenlaub*, Shigle advances two principal arguments. First, she claims Defendants generally mistreated her at many different council meetings, which chilled her First Amendment rights. Significantly, she has cited no record evidence to support her claim. Second, Shigle argues that she had a right to speak at the beginning of the March 4, 2002 meeting because the topic she raised was germane. The transcript of that meeting reveals, however, that after the Council President attempted to prevent her from speaking about what he deemed to be old business, Shigle was allowed to finish her comment and was not prevented from speaking during the public comment portion of the meeting.

7

In sum, Plaintiff Shigle has proferred no record evidence to suggest that she was subjected to anything more than a typical time, place, and manner restriction which the Court of Appeals specifically endorsed in *Eichenlaub*.

B.   *Procedural Due Process*

In *Carter v. City of Philadelphia*, 989 F.2d 117 (3d Cir. 1993), the Court of Appeals stated that "one alleging a property interest in a benefit protected by due process must go beyond showing an unsubstantiated expectation of the benefit. The plaintiff must demonstrate entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee." 989 F.2d. 117, 120 (3d Cir. 1993) (internal citations omitted). Shigle argues that her right to speak at the public meeting is a right expressly conferred by 65 Pa. C.S.A. §710.1, which states: "the board or council of a political subdivision . . . shall provide a reasonable opportunity at each advertised regular meeting . . . for residents of the political subdivision . . . to comment on matters of concern, official action or deliberation which are or may be before the board or council prior to taking action." *Id.*

The statute upon which Shigle relies is unavailing. First, it suggests that the Borough may limit discussion to germane business. Moreover, the statute specifically states that "the board or council has the option to accept all public comment at the beginning of the meeting." *Id.* Viewing the facts in the light most favorable to Shigle, the Borough complied with the mandates of state law, and thus she was not deprived of any state created right.

8

C.   *Substantive Due Process*

Shigle also claims that her right to substantive due process was violated by the Borough, Council, and Tabita. The Supreme Court held in *County of Sacramento v. Lewis*, 523 U.S. 823 (1998), that substantive due process rights are violated only when "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis* at 847, n.8. In *United Artists Theatre Circuit, Inc. v. Township of Warrington,* 316 F.3d 392 (3d Cir. 2003), the Court of Appeals applied the *Lewis* test in a municipal land use case, stating: "since *Lewis*, our cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience but that the meaning of this standard varies depending on the factual context." *Id.* at 399-400.

However one might fairly describe the interaction between Shigle, Council, and Tabita at the March 4, 2002 meeting, it plainly falls well short of the 'shocks the conscience' standard necessary to result in a deprivation of substantive due process.

D.   *Equal Protection*

Shigle next claims that she was denied equal protection of the laws in violation of the Fourteenth Amendment. In direct contravention to her claim, however, Shigle has not offered any evidence that others were allowed to speak outside the public comment section while she was silenced, and the transcript of the March 4, 2002 meeting does not indicate any such disparate treatment.

9

The Third Circuit has adopted various levels of scrutiny for disparate treatment of individuals, based on their membership in a suspect class. Shigle has not cited any evidence that she is a racial or ethnic minority nor has she presented any evidence that she was treated differently because she is woman. Therefore, her claim of differential treatment is examined with the most permissive level of scrutiny, which provides that "the state action here is presumed to be valid and will be upheld if it is rationally related to a legitimate state interest." *Tillman v. Lebanon County Correctional Facility* 221 F.3d 410, 423 (3d Cir. 2000).

In this case, Shigle was told to be seated because she was out of order, both at the beginning of the meeting and at its conclusion. Such treatment is rationally related to the legitimate interest of the Borough in efficient and effective management of its Council meetings. Thus, Plaintiff has failed to present any facts with which a reasonable jury could conclude that she suffered a violation of her equal protection rights.

E.   *Qualified Immunity*

In addition to the foregoing arguments, Defendant Tabita contends that he is entitled to qualified immunity because he was acting within the scope of his official duties as Council President during the March 4, 2002 meeting. "In evaluating a claim of qualified immunity, we must first determine whether the plaintiff has properly asserted a deprivation of a constitutional right; then we can consider whether the right was clearly established at the time of the alleged violation." *Schieber v. City of Philadelphia,* 320 F.3d 409, 416 (3d Cir. 2003). Because there has been no constitutional deprivation in this case as noted herein, it is not necessary to engage in this inquiry.

10

Even assuming, *arguendo*, that there were violations of Shigle's constitutional rights, Tabita would be entitled to qualified immunity. The second step in the inquiry is "whether a reasonable officer would have believed that his or her conduct deprived the plaintiff of his or her constitutional rights." *Harvey v. Plains Tp. Police Dept.,* 2005 WL 2077254 (3d Cir. 2005). Nothing in the record suggests that Tabita knew, or should have known, that following the Borough procedures by directing a speaker to address current business during the comments section and directing the same citizen to "please be seated" when she spoke out of order violated Shigle's constitutional rights. Accordingly, Tabita's qualified immunity argument is persuasive.

An appropriate order follows.

_____
Thomas M. Hardiman
United State District Judge

Dated: November 15, 2005

cc:   Counsel of record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHANNA SHIGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:03cv1433 |
| | ) |
| MOUNT PLEASANT BOROUGH, et al., | ) Judge Thomas M. Hardiman |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 15th day of November, 2005, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby ORDERED that:

Defendants' Motion for Summary Judgment (Doc. No. 50) is GRANTED. It is further ORDERED that the Court in the exercise of its discretion will not maintain supplemental jurisdiction over Plaintiff's state law claim against Defendant Milton Munk, Jr. Accordingly, the Clerk is directed to mark this case CLOSED.

_____
Thomas M. Hardiman
United States District Judge

cc: Counsel of record